# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

ROCKY L. HAWORTH, on behalf of himself and all other similarly situated persons,

        Plaintiffs,

vs.

NEW PRIME, INC.,

        Defendants.

Case No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Rocky L. Haworth ("Mr. Haworth" or "Plaintiff"), by and through his undersigned counsel, and for his Complaint against New Prime, Inc. ("New Prime" or "Defendant"), hereby states and alleges as follows:

## NATURE OF THE ACTION

1. New Prime is "North America's most successful refrigerated, flatbed, tanker and intermodal trucking company," with headquarters located in Springfield, Missouri. *See* https://www.primeinc.com/#home. Defendant's success is driven in part by its policy and practice to pay its newly hired "B" seat drivers well under the minimum wage. Defendant's deliberate failure to pay its employees their earned wages violates the Fair Labor Standards Act ("FLSA"), as well as Missouri state laws.

2. Plaintiff Rocky L. Haworth ("Mr. Haworth" or "Plaintiff"), and all other similarly situated employees, worked for Defendant as "B" seat drivers, or junior drivers working as part of a required driving team with more senior drivers. This lawsuit is brought as a collective action

under the FLSA and as a state law class under Rule 23 to recover unpaid wages and related penalties and damages owed to Plaintiff, and all other similarly situated employees.

## PARTIES

3. New Prime, Inc. ("New Prime" or "Defendant") is a Nebraska corporation with its principal place of business at 2740 North Mayfair Ave., Springfield, Missouri 65803. Defendant can be served through its registered agent: Steve Crawford, 2740 North Mayfair Ave., Springfield, Missouri 65803.

4. Plaintiff Rocky L. Haworth ("Mr. Haworth" or "Plaintiff") is a current resident of York, South Carolina. Plaintiff was employed by Defendant as a "B" seat driver from approximately November 10, 2017 until November 27, 2017. Mr. Haworth's consent to join form is attached hereto as **Exhibit 1.**

5. At all relevant times, Defendant has been an "employer" within the meaning of the FLSA and Mo. Rev. Stat. § 290.500. At all relevant times, Defendant has employed "employee[s]," including Plaintiff and those persons similarly situated to Plaintiff as described herein. At all relevant times, Plaintiff and the other members of the class were engaged in interstate commerce and/or worked for Defendant.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et seq*.

7. This Court has supplemental jurisdiction for all claims asserted under the Missouri Minimum Wage Law, as these claims are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative facts, the state

claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness and comity.

8. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant is registered to do business in this State and has its principal place of business located in Springfield, Missouri. Additionally, Defendant advertises and regularly conducts business within this District, including upon information and belief, hiring and employing drivers to work for Defendant.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as Defendant conducts business and can be found in this District, and the causes of action set forth herein have arisen and occurred in part in the District.

## FACTUAL ALLEGATIONS

10. New Prime currently employs between 5,000-10,000 employees.

11. Individuals working as new truck drivers for New Prime go through three separate stages: trainees, "B" seat drivers, and "A" seat drivers. *See* https://www.primeinc.com/truck-driver-career-path . This action is being brought only on behalf of individuals who were employed by Defendant as "B" seat drivers.

12. After individuals complete orientation at Defendant's Springfield or Salt Lake City training facilities, and take and pass the Commercial Driver's License ("CDL") exam, they are hired by New Prime as "B" seat drivers. These drivers are required to drive as a part of a team until they complete approximately 30,000 miles driving for New Prime. Individuals who already have a CDL license prior to joining New Prime skip the training and exam step, but are still required to drive as part of a team as a "B" seat driver for 40,000 miles.

13. Upon information and belief, during the time period relevant to this action, New Prime hired and employed more than 5,000 truck drivers that it classified as "B" seat drivers.

14. "B" seat drivers, or drivers required by Defendant to drive as the junior part of a team, are paid the greater of 14 cents per mile or $600-$700 per week, regardless of the amount of time actually worked. As a consequence, these employees are paid significantly under the minimum wage for the hours worked on behalf of New Prime.

15. Requiring employees to work as a part of a team for tens of thousands of miles (at significantly reduced pay) is of a great benefit to New Prime, in that drivers are subject to limitations on the amount of driving time permitted under Department of Labor regulations. Having two drivers available to drive increases the speed in which deliveries can be made.

16. While employed as "B" seat drivers, these employees are "on duty" for 24 hours a day, for days on end, due to the nature of long-haul trucking. These employees are performing compensable work for the Defendant under Department of Labor regulations even while not driving. In addition to driving, this work includes, for example: (1) remaining in the truck while the truck is moving so that they can assist the driver in transporting the cargo (or simply to be available to drive if necessary), and in navigation and reporting on traffic conditions; (2) waiting for cargo to be loaded or unloaded while in the truck or its immediate vicinity; (3) completing paperwork and logging; (4) performing inspections of the truck; (5) fueling up the truck and performing routine maintenance; (6) remaining in the vicinity of the truck to help protect Defendant's and its customers' property; and (7) remaining inside the truck when stopped to log time in the sleeper berth and to help protect Defendant and its customer's property.

17. The FLSA requires employers to pay their employees a minimum wage for every hour worked. *See* 29 U.S.C. § 206(a). "Under certain conditions an employee is considered to be

working even though some of his time is spent in sleeping or in certain other activities." 29 C.F.R. § 785.20.

18. During the time he was employed by New Prime as a "B" seat driver, and like the class members, Plaintiff was away from his home, on company duty for more than 24 hours at a time and for days on end. Defendant failed to pay Plaintiff and all other "B" seat drivers for all the time that they worked.

19. Only after putting in this period of 30,000-40,000 miles at less than minimum wage pay, are drivers permitted to graduate to "A" seat drivers, at full pay.

20. The net effect of Defendant's policy and practice is that Defendant willfully fails to pay minimum wage in order to save payroll costs, increase its profits, and undercut its competition.

21. Defendant's pay practices are in direct violation of the FLSA and Mo Rev. Stat. §§ 290.500, *et. seq*.

22. As such, Plaintiff brings this action on behalf of himself and all other similarly situated persons for Defendant's violations of Mo. Rev. Stat. §§ 290.500*, et. seq*. and the FLSA, and Plaintiff seeks proper compensation for work performed, liquidated and/or other damages as permitted by applicable law, and attorneys' fees, costs, and expenses incurred in this action.

## COLLECTIVE AND CLASS ALLEGATIONS

**FLSA Collective Action.**

23. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

24. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

25. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of paying its "B" seat drivers, or junior drivers required to work as a part of a team for 30,000-40,000 miles, less than the minimum wage guaranteed by the FLSA.

26. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

**Rule 23 Class.**

27. Plaintiff brings Counts II – III as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of himself and the following class (the "Missouri Wage Law class") of persons:

> A nationwide opt out class that includes (1) MMWL claims for "All New Prime employees who worked for New Prime in Missouri as 'B' seat drivers, or junior drivers as a part of a team, from January 22, 2017 through the present" and (2) unjust enrichment/quantum meruit claims for "All New Prime employees who worked for New Prime as 'B' seat drivers, or junior drivers as a part of a team, from January 22, 2014 through the present."

28. Plaintiff is a member of the proposed class.

29. The Missouri state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

30. The classes satisfy the numerosity standards in that the class will number well into the thousands. As a result, joinder of all class members in a single action is impracticable. Each of the class members is, however, readily identifiable using objective criteria from the information and records in the possession or control of Defendant. Class members may be informed of the pendency of this class action through posting, direct mail and electronic mail.

31. There are questions of fact and law common to the class that predominate over any questions affecting individual members. In fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the class are identical and premised upon an illegal course of conduct perpetrated by Defendant. The only material difference between the class members' claims is the exact monetary amount to which each member of the class is entitled. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a. Whether all class members were paid based on 14 cents per mile or $600-700 a week;

    b. Whether Defendant paid its employees at least the minimum wage for all hours worked;

    c. Whether Defendant knew or had reason to know its policies and compensation practices were unlawful;

    d. Whether Defendant retained a benefit from such unlawful policies and compensation practices; and

    e. Whether Defendant's payroll records utilized standardized codes and other data from which the class members' claims can be analyzed.

32. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

33. Plaintiff's claims are typical of those of the class because the class members have been paid pursuant to the same compensation structure and were subject to the same or similar unlawful practices as Plaintiff.

34. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent. Plaintiff has suffered economic injury in his individual capacity from the practices complained of and is ready, willing and able to serve as class representative. The interests of the members of the class will be fairly and adequately protected by Plaintiff and undersigned counsel, who have experience in employment and class action lawsuits. Neither Plaintiff nor his counsel have any interest that might cause them not to vigorously pursue this action.

35. Certification of the class under Federal Rule 23(b)(3) as defined above is appropriate in that Plaintiff and the Class members seek monetary damages and common questions predominate over any individual questions. Further, there will be no difficulty in the management of this litigation as a class action because this is an uncomplicated case of unpaid wages that should be mathematically ascertainable from business records of Defendant, and the class claims are typical of those pursued by victims of these violations.

36. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

37. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent

adjudications, while a class action can determine the rights of all class members in conformity with the interests of efficiency and judicial economy.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

38. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

39. At all times material herein, Plaintiff, and all other similarly situated employees, have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

40. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

41. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at the federal minimum wage for services performed.

42. Defendant is subject to the minimum wage requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

43. Plaintiff brings this Complaint pursuant 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as similarly situated employees within three years from the commencement of this action who have not been compensated for their time, who have not been compensated at the proper minimum wage for all services performed.

44. Defendant violated the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at the minimum wage. Upon information and belief, in the course of

perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by its employees.

45. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. Upon information and belief, this uniform policy, in violation of the FLSA, has been applied to all "B" seat drivers employed by Defendant during the last three years.

46. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

47. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of minimum wage pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum wage pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of the aforesaid willful violations of the FLSA, wages have been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray for: (1) designation of this action as a collective action on behalf of all similarly situated employees and prompt issuance of notice to all similarly situated employees (the FLSA class), apprising them of the pendency of this action; (2) compensatory damages; (3) liquidated damages; (4) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

## COUNT II –
## FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. §§ 290.500, *ET SEQ.*

49. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

50. At all times material herein, Plaintiff, and all other similarly situated employees, have been entitled to the rights, protections, and benefits provided under the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500, *et seq.*

51. Defendant New Prime, in violation of Mo. Rev. Stat. § 290.502, failed to compensate Plaintiff and those similarly situated the statutory minimum wage for each hour worked.

52. These employees are similarly situated in that they are all subject to Defendant's identical compensation policies and plan that fails to lawfully compensate them.

53. This Complaint is brought and maintained as a class action for all state law claims asserted by Plaintiff because his claims are similar to the claims of the class members.

54. The names and addresses of the class members are available from Defendant. The Defendant failed to compensate Plaintiff and the class members at the proper rate of pay, and

11

Case 6:19-cv-03025-RK   Document 1   Filed 01/22/19   Page 11 of 13

therefore, Defendant has violated, and continues to violate, the Missouri wage laws, Mo. Rev. Stat. §§ 290.500, *et. seq.*

55. Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the class, seeks damages in the amount of all respective unpaid minimum wages and straight time plus liquidated damages, as provided by the MMWL and such to legal and equitable relief as the Court deems just and proper.

56. Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the class, seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by Mo. Rev. Stat. §§ 290.500, *et. seq.*

WHEREFORE, Plaintiff, on behalf of himself and all proposed class members, demands judgment against Defendant and prays for: (1) designation of this action as an action on behalf of the proposed class members, and prompt issuance of notice to all class members, apprising them of the pendency of this action; (2) designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members; (3) compensatory damages; (4) liquidated damages; (5) attorneys' fees and costs; (6) pre-judgment and post-judgment interest as provided by law; and (7) such other relief as the Court deems fair and equitable.

## COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT

57. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

58. Defendant has been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendant has been and is being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

59. Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendant knows or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendant.

60. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

WHEREFORE, Plaintiff, on behalf of himself and all proposed class members, demands judgment against Defendant and prays for: (1) designation of this action as an action on behalf of the proposed class members, and prompt issuance of notice to all class members, apprising them of the pendency of this action; (2) designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members; (3) compensatory damages; (4) liquidated damages; (5) attorneys' fees and costs; (6) pre-judgment and post-judgment interest as provided by law; and (7) such other relief as the Court deems fair and equitable.

Date: January 22, 2019

Respectfully Submitted,

**CRIMMINS LAW FIRM, LLC**

/s/ Matthew R. Crimmins
Matthew R. Crimmins, MO #53138
Virginia Stevens Crimmins, MO #53139
214 S. Spring Street
Independence, Missouri 64050
Tel: (816) 974-7220
Fax: (855) 974-7020
m.crimmins@crimminslawfirm.com
v.crimmins@crimminslawfirm.com

**HODES LAW FIRM, LLC**

/s/ Garrett M. Hodes
Garrett M. Hodes, MO #50221
900 Westport Road, 2nd Floor
Kansas City, Missouri 64111
Tel: (816) 931-1718
Fax: (816) 994-6276
garrett@hodeslawfirm.com

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**